UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:09-CR-181-01 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| HARRY A. PRITCHETT A/K/A "OSAMA" | ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant Harry A. Pritchett's ("Defendant") *pro se* motion for a new trial (Court File No. 1434). Defendant seeks a new trial pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. The Court cannot proceed to the merits of Defendant's motion, however, for two main reasons. First, Defendant is currently represented by counsel. Although Defendant states he is "waiv[ing]" his right to counsel for purposes of this motion only, a criminal defendant cannot both proceed *pro se* and have counsel. *See* E.D. Tenn. L.R. 83.4(c). Once a defendant has counsel, that counsel speaks for the defendant in all proceedings, absent some unusual circumstance, which Defendant has failed to show here. Second, this Court lacks jurisdiction to consider Defendant's motion for a new trial under Rule 33(b)(1) because Defendant's case is presently being appealed.[1] Rule 33(b)(1) explicitly states "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1).

Accordingly, the Court **DENIES** Defendant's *pro se* motion for a new trial (Court File No. 1434).

---

[1] Defendant claims there is "newly discovered evidence," which is why he has filed his motion under Rule 33(b)(1). To the extent Defendant seeks a new trial for any other reason, his motion is untimely because Rule 33(b)(2) requires that such motions be filed within fourteen days after the verdict. The jury returned with a verdict in this case on September 9, 2011.

SO ORDERED.

ENTER:

                                            **/s/**
                                            **CURTIS L. COLLIER**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**